## ACQUILLS EATON v. THE STATE.

No. 3292. Decided October 28, 1914.

**Gaming—Charge of Court—Sufficiency of the Evidence.**

Where, upon trial of playing at a game of cards, etc., the evidence sustained the conviction, although conflicting, under a proper charge of the court, there was no reversible error.

Appeal from the County Court of Rains. Tried below before the Hon. J. B. Allred.

Appeal from a conviction of gaming; penalty, a fine of $10.

The opinion states the case.

No brief on file for appellant.

C. E. *Lane,* Assistant Attorney General, for the State.—On question of refusing special charges: Berry v. State, 163 S. W. Rep., 964; Ryan v. State, 64 Texas Crim. Rep., 628, 142 S. W. Rep., 878; Berg v. State, 64 Texas Crim. Rep., 612, 142 S. W. Rep., 884; Byrd v. State, 69 Texas Crim. Rep., 35, 151 S. W. Rep., 1068.

HARPER, JUDGE.—Appellant was convicted of playing cards at a place other than a private residence.

W. E. Bevers, a deputy sheriff, testified that he was informed that a

game of cards was being played out in the woods where appellant and some others were cutting wood. That he went to this place and found his information to be true. That he watched the game long enough to see one hand played and another dealt. That he saw appellant pick up the cards when dealt, and that when he arrested the participants appellant had cards in his hands.

Appellant's testimony is that a game was being played, but by others; that he did not engage in the game.

There is but one bill of exceptions in the record, and that complains of the action of the court in refusing to give a special charge requested. As the charge of the court required the jury to find affirmatively beyond a reasonable doubt that appellant did play at a game of cards, the refusal of the special charge presents no error.

The judgment is affirmed.

*Affirmed.*